Michael Kind, Esq.
Nevada Bar No.: 13903
**Kind Law**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com

George Haines, Esq.
Nevada Bar No.: 9411
Gerardo Avalos, Esq.
Nevada Bar No.: 15171
**FREEDOM LAW FIRM, LLC**
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
(702) 880-5554
(702) 385-5518 (fax)
ghaines@freedomlegalteam.com
*Counsel for Plaintiff Jimmy Eason Jr.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Jimmy Eason Jr., | Case No.: 2:22-cv-01387-JCM-NJK |
| Plaintiff, | |
| v. | **Motion for default judgment against North Star Finance, LLC and for attorney's fees and costs** |
| Clarity Services, Inc. et al, | |
| Defendants. | |

Jimmy Eason Jr. (hereinafter "Plaintiff"), by and through counsel,  pursuant to Federal Rule of Civil Procedure 55(b), respectfully moves the Court for entry of a default judgment against North Star Finance, LLC ("Defendant"). This motion is

---

supported by the memorandum of points and authorities, by the accompanying declarations, and by the papers and pleadings on file in this action, and by any oral argument that this Court may allow.

<strong>Memorandum of Points and Authorities</strong>

### I. Introduction

This is an action based on Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). In enacting the Act, Congress found the banking system is dependent on fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. The FCRA promotes efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

Through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation and the emotional distress that naturally follows from inaccurate reporting about a consumer. The FCRA provides for statutory damages between $100 and $1,000. 15 U.S.C. § 1681n (for willful violations, "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000").

Plaintiff seeks the maximum statutory damages, $1,000, plus reasonable costs of $667.00 and attorney's fees of $2,507.50, totaling $4,174.50.

## II. Facts

The Complaint alleges that on or about September 9, 2021, Defendant inaccurately reported that Plaintiff's account had a charge-off status of $1,221, despite the account having been discharged through Plaintiff's chapter 13 bankruptcy. *See* Compl., ECF No. 1, ¶ 85. Plaintiff's chapter 13 plan was confirmed and she made all payments required under the terms of the plan. *Id*. at ¶¶ 19-21. Plaintiff received a discharge on February 9, 2021. *Id.* at ¶¶ 25, 85.

A confirmed plan constitutes a new contract between the debtor and creditors and a creditor's rights are defined by the confirmed plan. Consequently, a pre-petition claim provided for in a confirmed plan is no longer a pre-petition claim. The claim is a right to payment arising from the confirmed plan. *Padilla v. Wells Fargo Home Mortg., Inc. (In re Padilla),* 379 B.R. 643, 649, 2007 Bankr. LEXIS 2655, *1 (Bankr. S.D. Tex. 2007).

On November 1, 2021, Plaintiff disputed the inaccurately reported information. ECF No. 1, ¶ 85. Under the FCRA, Defendant was required to conduct an investigation and correct any inaccuracies. Plaintiff never received any notification that Defendant investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C.§1681i(a)(6). *Id.* at ¶ 89.

A reasonable investigation by Defendant would have indicated that it was reporting disputed information inaccurately. Defendant failed to review all relevant information provided by Plaintiff in her dispute, as required by and in violation of 15 U.S.C.§1681i and 15 U.S.C.§1681s-2(b), respectively.

Plaintiff initiated this action on August 25, 2022. *See generally* Compl., ECF No. 1. Defendant was served on September 30, 2022, but failed to appear in this action *See* Proof of Service, ECF No. 22. A default was entered on January 5, 2023. ECF No. 27. Plaintiff now moves this Court for an award of statutory damages and reasonable attorney's fees and costs as mandated pursuant to 15

U.S.C. §§ 1681o and 1681n.

**III. Legal Standard**

Rule 55(b) of the Federal Rules of Civil Procedure permits a default judgment following the entry of default by the clerk under Rule 55(a). When the requested relief is anything other than a sum certain or a sum that can be made certain by computation, the party must apply to the court for a default judgment after entry of default. Fed. R. Civ. P. 55(b)(1)-(2). The choice as to whether a default judgment should be entered lies within the discretion of the trial court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has determined that a district court should look at seven discretionary factors before rendering a decision on a motion seeking a default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are:

(1) the possibility of prejudice to the plaintiff;

(2) the merits of the plaintiff's substantive claim;

(3) the sufficiency of the complaint;

(4) the sum of money at stake in the action;

(5) the possibility of a dispute concerning material facts;

(6) whether the default was due to excusable neglect; and

(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id*.

Once the clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages.

*Televideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-18 (9th Cir. 1987). The plaintiff is required to prove all damages sought in the complaint, and those damages may not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). If sufficiently documented and detailed, damages claims may be fixed by an accounting, declarations, or affidavits. *See*

1     *James v. Frame,* 6 F.3d 307, 310 (5th Cir. 1993).

2     **IV. Argument**

3        Plaintiff respectfully requests that this Court grant this motion because (1)

4 judgment should be entered in Plaintiff's favor, (2) Plaintiff should be awarded

5 $1,000 in statutory damages and (3) Plaintiff should be awarded $667.00 in costs

6 and $2,507.50 in reasonable fees.

7        **A.**      **Judgment should be entered in Plaintiff's favor, after considering**

8           **the *Eitel* factors**

9        As detailed in the complaint, Defendant was reporting that Plaintiff's

10 account had a "charge-off" status of $1,221 in September 2021. ECF No. 1, ¶ 85.

11 This was inaccurate because the account was included in Plaintiff's bankruptcy and

12 Plaintiff received a discharge in February 2021. *Id.*

13        An analysis of the *Eitel* factors confirms the default judgment should be

14 entered in this case.

15        **1. Plaintiff will suffer prejudice in the absence of a default judgment.**

16        Plaintiff will suffer prejudice if judgment is not entered. The first *Eitel* factor

17 considers whether a plaintiff will suffer prejudice if a default judgment is not

18 entered. *See PepsiCo, Inc. v. California Sec. Cans,* 238 F. Supp. 2d 1172, 1177

19 (C.D. Cal. 2002).

20        Here, Defendant was made aware of its infringing conduct when it was

21 personally served with the Summons and Complaint but failed to appear and

22 defend this action. In the absence of a default judgment, Plaintiff will be prejudiced

23 by being denied the relief afforded by the FCRA. Because Plaintiff will not be able

24 to litigate the claims on the merits to conclusion, Plaintiff will be prejudiced if no

25 judgment is entered.

26        This factor, therefore, weighs strongly in favor of the entry of a default

27 judgment.

**2. The complaint states a *prima facie* claim for violations of the FCRA by Defendant**

The second and third *Eitel* factors favor default judgment where the complaint sufficiently states a claim for relief under the "liberal pleading standards embodied in Rule 8" of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8; *Danning v. Lavine,* 572 F.2d 1386, 1389 (9th Cir. 1978).

Here, as discussed, the complaint alleges that Defendant violated the FCRA by inaccurately reporting that Plaintiff's account had a charge-off status of $1,221 even though the account was discharged in Plaintiff's bankruptcy. ECF No. 1, ¶ 85. The complaint also alleges that Defendant violated the FCRA by failing to investigate and correct the inaccurate information following Plaintiff's dispute. *See* 15 U.S.C. § 1681s-2(b) (1)(D) ("if the investigation finds that the information is incomplete or inaccurate …"); *Id.* at ¶ 95.

Accordingly, Plaintiff alleged a *prima facie* claim for violations of the FCRA and the second and third *Eitel* factors favor default judgment.

**3. The amount of money at stake in relation to defendants' conduct**

Plaintiff is asking for a reasonable amount in relation to Defendant's conduct. Under the fourth *Eitel* factor, the court considers "the amount of money at stake in relation to the seriousness of [the] Defendants' conduct." *PepsiCo,* 238 F. Supp. 2d at 1176. "If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted." *Landstar Ranger, Inc. v. Parth Enters.,* 2010 U.S. Dist. LEXIS 79914, at 10-11 (C.D. Cal. July 19, 2010).

Plaintiff only seeks statutory damages of $1,000, which is relatively low compared to Defendant's willful violations of the FCRA and refusal to appear in this action. Thus, the fourth *Eitel* factor weighs in favor of default judgment.

**4. There is no factual dispute precluding entry of a default judgment**

The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case. *PepsiCo,* 238 F. Supp. 2d at 1177. As noted above, upon entry of default, all factual allegations of the complaint, except those relating to the amount of damages, are taken as true. *TeleVideo Systems,* 826 F.2d at 917-918; *Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir. 1977); *O'Brien,* 2010 U.S. Dist. LEXIS 101941, at *13 ("Once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages.").

Here, given the sufficiency of the complaint and the fact that Plaintiff's allegations must be accepted as true, there can be no dispute of material fact that would preclude default judgment. Therefore, this factor weighs in favor of entering a default judgment.

**5. Defendant's failure to defend was not the result of excusable neglect**

The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect. A defendant's conduct is culpable, rather than excusable, if the defendant received actual or constructive notice of the filing of the action and failed to answer. *Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir. 1987).

Here, Defendant had actual notice of this litigation from the outset. Defendant was properly served with the summons and complaint in this action but refused to appear to defend this matter. Consequently, Defendant's default was not a product of excusable neglect, and this factor weighs in favor of entering a default judgment.

**6. The public policy favoring decisions on the merit.**

The seventh *Eitel* factor considers the public policy that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel,* 782 F.2d at 1472.

1  While this public policy generally favors a decision on the merits, a default

2  judgment is appropriate where a defendant deliberately neglects to wage a defense,

3  as is the case here.

4  Further, when considered alongside the other *Eitel* factors, the public policy

5  favoring judicial economy weighs in favor of default judgment. See *O'Brien*, 2010

6  WL 3636171 (D. Nev. Sept. 9, 2010), at *6 (stating that the Court was "compelled"

7  to enter default judgment "in the interest of judicial efficiency").

8  Under these circumstances, a default judgment is entirely appropriate despite

9  the public policy favoring the resolution of disputes on the merits.

10  **B.  Plaintiff should be awarded $1,000 in statutory damages**

11  Plaintiff requests a judgment of statutory damages in the amount of $1,000

12  for Defendant's violation of the FCRA. 15 U.S.C. § 1681n; e.g. *Perrigo v.*

13  *Premium Asset Servs.,* No. 2:14-cv-01052-GMN-PAL, 2015 U.S. Dist. LEXIS

14  99038, at *24 (D. Nev. June 8, 2015) (awarding $1,000, the maximum statutory

15  damages, as default judgment in FDCPA action). Courts routinely award plaintiffs

16  these statutory damages on a motion for default judgment. *Id.*

17  Given Defendant's willful violation of the FCRA, this amount is reasonably

18  proportionate to the harm caused by Defendant. This amount is also necessary to

19  deter and discourage others from engaging in similar illegal conduct.

20  **C.  Plaintiff should be awarded $667.00 in costs and $2,507.50 in**

21  **reasonable attorney's fees**

22  An award of costs and attorney's fees to a successful Plaintiff is mandated

23  by the FCRA. 15 U.S.C. §§ 1681n(a)(3) (willful violations); 1681o(a)(2)

24  (negligent violations); *e.g., Mott v. Trinity Fin. Servs.,* No. 2:17-cv-01754-RFB-

25  EJY, 2020 U.S. Dist. LEXIS 90644, at *8 (D. Nev. May 22, 2020). The fee shifting

26  provision in the statute allows individual consumers, who are usually unable to

27  fund federal litigation, to enforce their rights under the FCRA. Without the ability

---

to recoup their costs and reasonable fees, consumers could not bring these actions and creditors would have no incentive to abide by the FCRA.

The requested fees are reasonable under a lodestar analysis. Under the lodestar formula, reasonable attorney's fees are calculated by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Johnson v. Wells Fargo Home Mortg.,* 2011 WL 3651873 (D. Nev., August 17, 2011) (quoting *Hensley v. Eckerhart,* 461 U.S. 424 (1983)). The fees "may be adjusted based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation." Id. The party seeking attorney's fees bears the burden of showing that the requested hourly rates and the hours claimed are reasonable. *Widrig v. Apfel,* 140 F.3d 1207, 1209-10 (9th Cir. 1998).

### 1. The amount of hours worked are reasonable

Plaintiff is entitled to $2,507.50 in reasonable attorney's fees associated with prosecuting this case.[1] This amount for attorney's fees is reasonable under the lodestar calculation of multiplying the number of hours reasonably spent by a reasonable hourly rate. *Shuette v. Beazer Homes Holding Corp.,* 121 Nev. 837, 864 (Nev. 2005) (quoting *Herbst v. Humana Health Ins. of Nevada,* 105 Nev. 586, 590 (1989). Here, both (a) the number of hours and (b) the hourly rate are reasonable.

| Person | Rate | Hours | Total |
|---|---|---|---|
| Michael Kind | $425 | 5.9 | $2,507.50 |

Kind Dec. ¶ 34, All work submitted for compensation was reasonably expended on behalf of Plaintiff. *Id.* The time expended drafting, filing, and reviewing the Complaint was reasonable. Although Defendant's conduct was egregious and

---

[1] Plaintiff properly requests attorneys fees for work done in connection with this motion. "[T]ime spent in establishing the entitlement to and amount of [attorney's fees] is compensable." *In re Nucorp Energy, Inc.,* 764 F.2d 655, 659–660 (9th Cir.1985). Plaintiff's submissions includes time spent preparing this motion. If additional time is required after filing this motion, Plaintiff will submit a supplemental declaration.

Plaintiff desires her "day in court," Defendant failed to appear and Plaintiff is forced to seek a default judgment. The time expended to draft this motion was caused by Defendant's failure to appear or defend this matter.

### 2. Plaintiff's counsel's hourly rate is reasonable

Counsel's hourly rate is reasonable. In assessing the reasonableness of an attorney's hourly rate, courts consider whether the claimed rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stevenson, 465 U.S. 886, 895, n.11 (1994); see also Davis v. City and County of San Francisco, 976 F.3d 1536, 1546 (9th Cir. 1992); Serrano v. Unruh, 32 Cal. 3d 621, 643 (1982). To determine a reasonable hourly rate, courts look to the "prevailing market rates in the relevant community." Christensen v. Stevedoring Serv. of America, 557 F.3d 1049, 1053 (9th Cir. 2009) (internal quotation omitted).

Counsel here is experienced, highly regarded members of the bar with extensive expertise in the area of consumer matter, consumer class actions and complex litigation involving consumer claims like those at issue in this case. *See* Kind Dec., ¶¶ 8-36; U.S. Consumer Law Attorney Fee Survey Report, 2015-2016, Ex. 3, p. 281 (showing median attorney rate for consumer lawyers in Las Vegas is $450.00 per hour).

Mr. Kind received his law degree from Cornell Law School in New York in 2015. *Id.* He has been successful in numerous consumer cases for his clients, including taking numerous pro bono consumer matters. *Id.* For his efforts, he was recently awarded the Vince Consul Memorial Award by Legal Aid of Southern Nevada, as well as received numerous congressional and senatorial recognitions. *Id.* He has been lead counsel in numerous consumer actions in Nevada in both state and federal court. *Id.* Since admission to the bar, Mr. Kind has been engaged

exclusively in consumer litigation under the deceptive trade practices act, FDCPA, FCRA, TCPA and other State consumer statutes. *Id.* Mr. Kind's firm, Kind Law, has handled hundreds of consumer cases. Id. In light of Mr. Kind's and his firm's credentials, the Court should find that Mr. Kind reasonably hourly rate in this matter is $425 per hour.

Moreover, before founding Kind Law, Mr. Kind worked directly with Kazerouni Law Group, a firm that specializes in consumer claims and have litigated and won substantial awards on behalf of consumers. *Id.*; *see also Dowlatshahi v. McIlhenny Co.,* No. 30-2017-00911222-CU-NP-CXC (Cal. Sup. Ct., Oct. 10, 2018) (approving Kazerouni partner for $675 per hour in a consumer action); *Ayala, et al, v. Triplepulse, Inc. dba Trubrain,* No. BC655048 (Cal. Sup. Ct., Nov. 13, 2018) (approved at $675 per hour); *see also Anderson v. Phoenix Fin. Servs.,* No. BCV-16-101385 (Cal. Sup. Ct., Jul. 23, 2018); *Calderon v. Wolf Firm, Inc.,* No. 16-1266-JLS (KESx), 2018 U.S. Dist. LEXIS 159435, at *17 (C.D. Cal. Sep. 18, 2018).

The requested billing rate is far less than the normal range of fees charged by firms in the Ninth Circuit for partner work. *See Hartless v. Clorox Co.,* 273 F.R.D. 630, 643-44 (S.D. Cal. 2011), aff'd in part, 473 F. Appx. 716 (9th Cir. 2012) (approving hourly rates of $675-795 for partners, up to $410 for associates, and up to $345 for paralegals); *see also POM Wonderful, LLC v. Purely Juice, Inc.,* 2008 WL 4351842 at *4 (C.D. Cal) (finding partner rates of $475 to $750 and associate rates of $275 to $425 reasonable); *Shames v. Hertz Corp.,* 2012 U.S. Dist. LEXIS 158577, *60 (S.D. Cal. Nov. 5, 2012) ("[t]he National Law Journal data reveals that rates at six national defense firms with San Diego offices averaged between $550 and $747 per hour for partners and $346 and $508 per hour for associates."); *Rutti v. Lojack Corp.,* 2012 U.S. Dist. LEXIS 107677, 19 Wage & Hour Cas. 2d (BNA) 938, 2012 WL 3151077 (C.D. Cal. July 31, 2012) (approving hourly rates

of $650 and $750 in FLRA class action).

Even in 2014—over six years ago—it was established that the reasonable rate for attorneys in Las Vegas was in the range of $350.00 to $600.00 per hour. *Aventine-Tramonti Homeowners Ass'n v. Vanguard Piping Sys.*, 2014 Nev. Dist. LEXIS 10, *9 (8th Jud. Dist. Nev. Jan 17, 2014) (JOHNSON, J.) (finding that "it is this Court's experience that [$200 per hour] is extremely low"); *Liberty Media Holdings, LLC v. FF Magnat Ltd.*, No. 2:12-cv-01057-GMN-RJJ, 2012 U.S. Dist. LEXIS 124808, at *14 (D. Nev. Sep. 4, 2012) (recognizing "$400-$500 per hour for partners . . . $325 per hour for associate attorneys" was "reasonable rates in the Las Vegas legal market"); *United States ex rel. Cretney-Tsosie v. Creekside Hospice II, LLC*, No. 2:13-cv-00167-APG-PAL, 2018 U.S. Dist. LEXIS 157961, at *7 (D. Nev. Sep. 17, 2018) (approving rates between $300 and $600); *accord Eleanora J. Dietlein Trust v. Am. Home Mortg. Inv. Corp.*, No. 3:11-CV-0719-LRH (VPC), 2015 U.S. Dist. LEXIS 2768, 2015 WL 132644, at *1 (D. Nev. Jan. 9, 2015) (hourly rates ranging from $425 to $250 were reasonable based on prevailing market rates for legal service in this community).

Michael Kind has significant experience in litigating consumer actions, which justifies his hourly rate of $425. See Kind Dec., ¶¶ 3-36. Mr. Kind is experienced in litigating exclusively consumer cases, including class actions. Id. Mr. Kind has previously been approved for his requested rate of $425 by a Nevada State court District Judge in *McLemore v. Fast & Fair Buyer, LLC, et al*, No. A-19-804048-Claimant (8th Jud. Dist. Ct., Feb. 17, 2021) ("Counsel's requested hourly rate [$425] is also reasonable and within the range of reasonable rates awarded in Las Vegas"). Mr. Kind has been previously approved by a Nevada federal judge for $375 per hour. *Id.* at ¶ 29; *Mcguire v. Allergro Acceptance Corp.*, No. 2:18-cv-01635-MMD-VCF (Jun. 22, 2020) (case filed in 2018) (finding the rate reasonable "based on his extensive experience in consumer finance litigation."); *see also Moye*

*v. Halsted Financial Services, LLC,* No. 2:14-cv-01339-JAD-VCF (D. Nev. 2016); *Robbins v. USA Auto,* No. A-17-754436-C (8th Jud. Dist. Nev., May 2018); *Khoury v. Wynn Resorts, Ltd,* No. A-18-773073-C (8th Jud. Dist. Nev.); *Smith v. One Nev. Credit Union,* No. 2:16-cv-02156-GMN-NJK (D. Nev. March 2019) (approving Kind as class counsel); see also Kind Dec., ¶¶ 3-28; United States Consumer Law, Attorney Fee Survey Report 2015-2016, p. 281, Kind Dec., Ex. 3 (showing $450 per hour as the median rate for all consumer attorneys in the Las Vegas area). As such, Plaintiff's counsel's requested rates is reasonable.

Therefore, counsel's hourly rate and combined lodestar of $2,507.50 is reasonable.

### 3. No guaranteed payment

Another factor to consider is that counsel took this case on a contingent basis. Consumer attorneys, unlike defense counsel, only receive compensation in the event that the consumer prevails. The Ninth Circuit stated in *Camacho,* 523 F. 3d at 978, that "[t]he FDCPA's statutory language makes an award of fees mandatory. The reason for mandatory fees is that Congress chose a 'private attorney general' approach to assume enforcement of the FDCPA. *See also Harper v. Law Office of Harris & Zide LLP,* 2017 U.S. Dist. LEXIS 37367, at *17 (N.D. Cal. Mar. 15, 2017) ("[D]istrict courts must calculate damages using the lodestar method in FDCPA cases because 'for Congress's private attorney general approach to succeed in the context of FDCPA cases, attorney fees must not hinge on a percentage of actual damages awarded.'").

*Tolentino v. Friedman* also noted Congress's intent to allow an individual plaintiff the ability to pursue an action where the burden of costs and fees would otherwise economically preclude this type of rights enforcement. 46 F.3d 645, 652 (7th Cir. 1995). "Unlike most private tort litigants, a plaintiff who brings an FDCPA action seeks to vindicate important rights that cannot be valued solely in

monetary terms and Congress has determined that the public as a whole has an interest in the vindication of the statutory rights." Id. (emphasis added); Savage v. NIC, Inc., 2010 U.S. Dist. LEXIS 60311, at *15-16 (D. Ariz. June 8, 2010).

In other words, in private attorneys general actions, such as the FCRA or FDCPA and similar consumer cases, the potential for recovery is not clear at the time the litigation is commenced unlike in personal injury actions. Additionally, the amount in controversy is usually too small to induce an attorney to commence litigation on a percentage contingency. Accordingly, "the purpose of the statutory fee award is to benefit the plaintiff by allowing the consumer to obtain counsel in order to pursue redress for relatively small claims." *Id*. By providing the private bar with incentive to involve itself in consumer litigation through fee-shifting, the government is relieved of the costs of protecting consumers while ensuring that consumers may still avail themselves of their statutory rights through skilled, zealous advocates. A different result would create a deterrent for private attorneys to pursue an action for which Congress has so emphatically dictated the importance. This factor also favors an award as requested.

### 4. No adjustments to the Lodestar is needed

It is not unusual in consumer protection actions for awards of fees to eclipse the amount of damages. *See, e.g. Edwards v. Nat. Bus. Factors, Inc., 897 F.Supp. 458 (D. Nev. 1995); O'Quinn v. Recovery Partners, LLC*, 2011 WL 2976288 (M.D. Pa., June 27, 2011) (awarding $500 in statutory damages and $3,341.25 in attorney's fees and costs); *Ford v. Consigned Debts & Collections, Inc.*, 2010 WL 5392643 (D.N.J., Dec. 21, 2010) (awarding $550 in statutory damages and $4,075.00 in attorney's fees and costs); *Romano v. Accelerated Receivables,* 2011 WL 6091704 (W.D.N.Y. Dec. 7, 2011) (awarding $500.00 in statutory damages and $3,164.00 in attorney's fees and costs). This result is also anticipated by the fee shifting provision of the FCRA, without which bringing an action under the act

would be out of reach for many consumers it seeks to protect.

**D. Plaintiff should be awarded $667.00 in reasonable costs**

Plaintiff requests an award of costs and litigation expenses in addition to an award of attorneys' fees. Copying and postage have been awarded as costs. *Sousa v. Miguel*, 32 F.3d 1370, 1374 (9th Cir. 1994). Recoverable costs also include travel, photocopies, lodging, postage, telephone calls, and computerize research. *Libertad v. Sanchez,* 134 F. Supp. 2d 218, 236 (D.P.R. 2001). Cost may be recovered as provided for by statute, as well as 28 U.S.C. § 1920. See *Lathem v. Department of Children & Youth Servs.*, 172 F.3d 786, 794 (11th Cir. 1999).

Plaintiff seeks reimbursement of costs totaling $667.00. Plaintiff's litigation expenses and costs are commensurate with those expenses, and are compensable as reasonable out-of-pocket expenses. *See Mota v. University of Texas Houston Health Science Center,* 261 F.3d 512, 529 (5th Cir. 2001).

**E. Compliance with LR 54-14(b)**

Pursuant to LR 54-14(b), Plaintiff hereby provides the following:

(1) A reasonable itemization and description of the work performed is attached Kind's declaration;  Ex. 2.

(2) An itemization of all costs sought to be charged is detailed in Kind's declaration, Ex. 1.

(3) A brief summary of:

> (A)  The results obtained and the amount involved: Plaintiff successfully pleaded the claims and served Defendant and anticipates being awarded a default judgement.

> (B)  The time and labor required: not unusual; as discussed above and in accompanying declaration.

> (C)  The novelty and difficulty of the questions involved: The legal

---

questions are not disputed in this matter since Defendant defaulted.

(D) The skill requisite to perform the legal service properly: Of the few consumer law firms in Las Vegas, Plaintiff takes the position that to succeed on an FCRA case takes a skilled, experienced and dedicated consumer attorney.

(E) The preclusion of other employment by the attorney due to acceptance of the case: Other than the time spent in obtaining the default judgment, this is not otherwise applicable.

(F) The customary fee: The reasonableness of fees in consumer cases, such as this, is discussed above at length.

(G) Whether the fee is fixed or contingent: Fees were contingent in this case.

(H) The time limitations imposed by the client or the circumstances: Nothing extraordinary in this case.

(I) The experience, reputation, and ability of the attorney(s): Counsel's skill, reputations and ability are discussed above and in counsel's detailed declarations. *See* Kind Dec.; Avalos Dec.

(J) The undesirability of the case, if any: The undesirability of the case is discussed above. Few attorneys are willing to accept a case, especially on a contingency fee where the only damages are difficult-to-quantify emotional damages and a maximum of $1,000 in statutory damages.

(K) The nature and length of the professional relationship with the client: Kind Law was only hired to represent Plaintiff in this matter.

(L)Awards in similar cases: Discussed above.

(M) Any other information the court may request: Counsel will provide any such additional information as the court may request.

MOTION

- 16 -

**V. Conclusion**

Plaintiff's request is reasonable and the motion should be granted. Defendant's violations of the FCRA warrants the monetary award requested herein, including an award for statutory damages and reasonable fees and costs.

Accordingly, Plaintiff requests that this Court enter judgment in Plaintiff's favor against Defendant in the amount of $1,000.00 in damages plus $2,507.50 for attorney's fees, and $667.00 in costs for a total award of $4,174.50.

Dated: March 31, 2023.

Respectfully submitted,

**KIND LAW**

 /s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
*Attorney for Plaintiff Jimmy Eason Jr.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2023, the foregoing Motion was filed through this Court's electronic filing system.

**Kind Law**

 /s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

Michael Kind, Esq.

Nevada Bar No.: 13903

**KIND LAW**

8860 South Maryland Parkway, Suite 106

Las Vegas, Nevada 89123

(702) 337-2322

(702) 329-5881 (fax)

mk@kindlaw.com

*Counsel for Plaintiff Jimmy Eason Jr.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Jimmy Eason Jr., | Case No.: 2:22-cv-01387-JCM-NJK |
| Plaintiff, | |
| v. | **Declaration of Jimmy Eason Jr.** |
| Clarity Services, Inc. et al, | |
| Defendants. | |

Pursuant to 28 U.S.C. I, Jimmy Eason Jr., hereby declare under penalty of perjury, and pursuant under the laws of the United States of America, that the following is true and correct.

1.  I am the plaintiff in the above-captioned action. I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2.  I filed this lawsuit against the defendant, North Star Finance, LLC, becaue they failed and/or refused to correct the inacurate reporting regarding payment status of their tradeline.

3.  I am trying to do what I can to get my credit and financial situation improved.

Zoho Sign Document ID: 2B1D93DF-KNCCBFSNOHSIYNXOEJVTGOAZNTXQECGSVV2T-XVR4AA

4.   I have suffered from credit and emotional damages.

5.   I have suffered undue stress, anxiety, nervousness, frustration, embarassment, and humiliation resulting in loss of sleep, inability to concentrate, headaches, restlesness due to North Star Finance, LLC's failures to correct the errors in my credit file.

6.   I have encountered difficulty improving my financial situation by obtaining new or favorable credit terms due to the incorrect reporting in my credit report.

I declare under penalty of perjury under the laws of the United States of America and the State of Nevada that the foregoing is true and correct to the best of my knowledge.

Dated: March 29, 2023.

Jimmy Eason Jr.

Michael Kind, Esq.

Nevada Bar No.: 13903

**KIND LAW**

8860 South Maryland Parkway, Suite 106

Las Vegas, Nevada 89123

(702) 337-2322

(702) 329-5881 (fax)

mk@kindlaw.com

*Counsel for Plaintiff Jimmy Eason Jr.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Jimmy Eason Jr., | Case No.: 2:22-cv-01387-JCM-NJK |
| Plaintiff, | |
| v. | **Declaration of Michael Kind** |
| Clarity Services, Inc. et al, | |
| Defendants. | |

1. I, Michael Kind, hereby declare under penalty of perjury, and pursuant to the laws of the State of Nevada, that the following is true and correct.

2. I am co-counsel of record for the plaintiff in the above-captioned action. I am a member in good standing of the State Bar of Nevada. I am also licensed to practice in this Court and have handled numerous consumer cases in state and federal court. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

3.     Since my admission to the State Bar of Nevada in 2015, I have been engaged exclusively in the area of consumer rights litigation, primarily in the area of helping clients with debt collection issues and deceptive trade practices, including under NRS 598. I have worked almost exclusively in consumer litigation, often involving elder abuse, the FDCPA, FCRA, TCPA, NRS 598, and NRS 604A, and similar federal and Nevada consumer statutes, as well as class action litigation.

4.     I am the founding attorney of Kind Law which has an outstanding reputation in Las Vegas for consumer protection litigation. I have extensive experience in consumer class actions and other complex litigation, including numerous deceptive trade practices cases. My firm has a reputation for aggressive, successful prosecution of consumer actions.

5.     After law school, I managed the Las Vegas office of Kazerouni Law Group, which specializes in consumer protection litigation. I learned from attorneys who worked for years in the area of consumer litigation.

6.     I am writing this declaration in support of the motion for attorneys' fees and costs in this case.

7.     Based on my experience, and for all the reasons detailed herein, I believe that the requested attorneys' fees and costs is fair and reasonable.

**Counsel's Experience**

8.     I received my law degree from Cornell Law School in New York in 2015.

9.     I am admitted to practice law before the courts of the State of Nevada, the United States District Court for the District of Nevada and the Ninth Circuit Court of Appeals.

10.    I am also admitted to practice law in New York.

11.    I have also litigated consumer cases in Texas and California on a pro hac vice.

DECLARATION                          - 2 -

12.    I have been engaged almost exclusively in the area of consumer rights litigation. I have volunteered hundreds of hours on pro bono cases, for clients with consumer-related issues, including by taking cases through Legal Aid of Southern Nevada and volunteering with its Ask-A-Lawyer programs.

13.    In September 2021, I participated in the Partners In Pro Bono program in a consumer protection case, in partnership with the Legal Aid of Southern Nevada and Boyd Law School.

14.    On September 2, 2021, I presented at the Nuts and Bolts of Mass Arbitrations forum in Las Vegas on consumer cases.

15.    On February 24, 2022, I presented at the Nuts and Bolts of Mass Arbitrations forum in San Diego on consumer cases.

16.    I was awarded the Rising Star distinction for 2021 by Super Lawyers, and named, "Top Rated Consumer Law Attorney in Las Vegas."

17.    I am the 2020 winner of Top Lawyer for Consumer Protection by Vegas Inc.

18.    I was recently named as one of the "5 Best Consumer Protection Attorneys in Las Vegas, NV" by Kev's Best.

19.    I was awarded the 2020 100 Hours Club award through Legal Aid of Southern Nevada.

20.    I was selected to the Super Lawyers 2021, 2022, and 2023 Mountain States Rising Stars lists.

21.    I was nominated for the CBRB Best Businesses In America 2021 accreditation.

22.    I was nominated for the 2017, 2019, and 2020 Top 100 Lawyers in Las Vegas by My Vegas magazine.

23.    I am listed as one of the three top consumer lawyers in Las Vegas by Three Best Rated.

24.    I was nominated for a 2020 Premier Lawyers of America membership.

25.    I was awarded the 2018 Vince Consul Memorial Pro Bono Award through the Legal Aid Center of Southern Nevada for helping low-income Nevadans and veterans with consumer-related legal issues.

26.    I have been approved as class counsel in the following consumer cases:

   a.    *Smith v. One Nev. Credit Union*, No. 2:16-cv-02156-GMN-NJK (D. Nev.) (final approval granted March 5, 2019);

   b.    *Khoury v. Wynn Resorts, Ltd*, No. A-18-773073-C (8th Jud. Dist. Nev.) (final approval granted April 15, 2019); and

   c.    *Harris, et al v. Treasure Island*, No. A-18-773073-C (8th Jud. Dist. Nev.) (final approval granted May 23, 2019).

27.    I recently successfully represented my client in *Gonzalez v. Allied Collection Services, Inc.*, No. 2:16-cv-02909-MMD-VCF (D. Nev. Nov. 2019) (summary judgment awarded; jury trial on damages).

28.    I successfully briefed a heavily litigated FCRA issue in *Riekki v. Bank of America, et al*, No. 2:15-cv-2312-GMN-VCF (D. Nev.).

29.    I assisted in briefing the appellate briefs before the Ninth Circuit in *Riekki v. Bayview Financial Loan Servicing, et al*, No. 16-16438 (on appeal from No. 2:15-cv-02427-JCM-GWF (D. Nev.), an individual consumer case.

30.    I successfully briefed consumer-related issues in *Hastings, et al, v. Triumph Property Management Corporation*, No. 2:16-cv-00213-JAD-PAL (D. Nev. Jan. 26, 2017) (Order denying motion to dismiss).

31.    I have also litigated numerous consumer cases in Nevada state court.  For example, I successfully brought a complex Anti-SLAPP motion on behalf of consumers in *Mehadi, et al, v. Las Vegas Luxury Motor Co.*, No. A-16-739077-C (E.J.D.C. May 9, 2017).

32.    On June 15, 2017, I argued before the Ninth Circuit Court of Appeals in *Elghasen v. RBS Computer, Inc., et al*, No, 15-16283 (9th Cir.) in an FCRA

1  consumer case involving issues of personal jurisdiction.

2  33.  I argued before the Ninth Circuit on March 12, 2020, in the case *Gonzalez v.*
3  *Allied Collection Services, Inc.*, No. 19-16813 (affirming summary judgment,
4  remanding on issue of amount of fees).

5  34.  I have litigated numerous consumer-related cases in Nevada. *E.g., Whitlock-*
6  *Allouche v. PlusFour, Inc*., No. 2:17-cv-01656-RFB-VCF, 2018 U.S. Dist.
7  LEXIS 151647 (D. Nev. Sep. 6, 2018) (surviving summary judgment in
8  heavily litigated consumer case); *Bobo v. Clark Cty. Collection Serv., LLC*,
9  No. 2:16-cv-02911-APG-CWH, 2018 U.S. Dist. LEXIS 48007 (D. Nev. Mar.
10  23, 2018) (surviving summary judgment in heavily litigated FDCPA case).

11  35.  I successfully briefed consumer-related FDCPA issues in *Bright v. Bergstrom*
12  *Law, Ltd*., No. 2:17-cv-01971-JAD-VCF, 2018 U.S. Dist. LEXIS 119800 (D.
13  Nev. July 18, 2018) (granting Plaintiff's motion for summary judgment).

14  36.  I recently successfully represented my client in obtaining a $467,000.00
15  default judgment in the consumer-protection case *McLemore v. Fast & Fair*
16  *Buyer, LLC,* No. A-19-804048-C (8th Jud. Dist. Nev.).

17  37.  The results of the cases mentioned herein are a direct result of the diligence
18  and tenacity shown by both me and my law firm in successfully prosecuting
19  complex consumer cases and class actions.

20  **Reasonableness of Hourly Rate**

21  38.  I was approved in the following case for $295 per hour: *Harris, et al v.*
22  *Treasure Island*, No. A-18-772302-C (8th Jud. Dist. Nev. May 23, 2019).

23  39.  I was approved in the following case for $325 per hour: *Khoury v. Wynn*
24  *Resorts, Ltd*, No. A-18-773073-C (8th Jud. Dist. Nev. Apr. 22, 2019).

25  40.  I was approved in the following case for $375 per hour: *Mcguire v. Allergro*
26  *Acceptance Corp*., No. 2:18-cv-01635-MMD-VCF (Jun. 22, 2020) (finding
27  the rate reasonable "based on his extensive experience in consumer finance

---

1    litigation.")

2    41.    I was approved in the following case for $425 per hour: *McLemore v. Fast &*

3    *Fair Buyer, LLC,* No. A-19-804048-C (8th Jud. Dist. Nev. Sep. 27, 2021).

4    42.    I was approved in the following case for $425 per hour: *Grill v. DTFR LLC,*

5    No. A-20-820319-C (8th Jud. Dist. Nev., Sep. 10, 2021).

6    43.    I was approved for $425 per hour in *Diaz v. Auto Center of Las Vegas, et al,*

7    No. A-20-813306-C (8th Jud. Dist. Nev., Mar 9, 2022).

8    44.    I was approved for $425 per hour in *Lindsay Lanouette, Diana Ekins, and*

9    *Kevin Dorman vs National Concealed Academy*, No. A-21-836086-C (8th

10    Jud. Dist. Nev., June 23, 2022).

11    45.    I was approved by the United States District Court, District of Nevada for

12    $425 per hour in *Eddington v. Coast to Coast Financial Solutions, Inc., et al,*

13    No. 2:2020-cv-01999 (D. Nev July 8, 2022) (approving $425 per hour as

14    reasonable for "Michael Kind, as founding attorney of the law firm Kind

15    Law  and  with extensive experience in consumer finance litigation").

16    46.    I was approved for $425 per hour in *Carmen Nichols, et al v. Tactical*

17    *Products,* No. A-21-836089-C (8th Jud. Dist. Nev., Oct. 12, 2022)

18    47.    I was approved for $425 per hour in *Lindsay Lanouette, et al. v. Extreme*

19    *Holdings Mgmt. Group, et al.,* No. A-21-836095-C (8th Jud. Dist. Nev., Sep.

20    26, 2022)

21    48.    I was recently approved for $425 per hour in *Diana Ekins v. Trekfirst LLC*,

22    No. CV21-01096 (2nd Jud. Dist. Nev., Dec 6, 2022)

23    49.    I was also recently approved for $425 per hour in *Lindsay Lanouette, et al. v.*

24    *Extreme Holdings Mgmt. Group, et al.,* No. A-21-836095-C (8th Jud. Dist.

25    Nev., Dec. 21, 2022)

26    50.    I believe that my experience and years in practice are sufficient to justify my

27    hourly billing rate in this case of $425 per hour.

---

Declaration                        - 6 -

51.   No fees for work of support staff or paralegals are being requested.

52.   Also, I am filing as an exhibit the 2015-2016 United States Consumer Law Attorney Fee Survey Report. This survey justifies my requested hourly rate.

53.   Therefore, my experience taken with the current legal market rates and previous orders are sufficient to justify my hourly rate of $425 in this action.

**Attorneys Fees and Costs Incurred**

54.   My firm incurred costs of $667.00 as detailed in the bill of costs, attached as **Exhibit 1**.

55.   Attached as **Exhibit 2** is a summary of the tasks that I completed in the prosecution of this case.

56.   I worked at least 5.90 hours on this case at a rate of $425 per hour.

57.   My fees for legal services are thus $2,507.50.

58.   I have also reduced the total demand by not requesting additional fees for staff, paralegals and others who worked on this case, in an effort to further establish the reasonableness of Plaintiff's position.

**Exhibits**

59.   Attached hereto as **Exhibit 1** is an accounting of the litigation expenses incurred by Kind Law in this case.

60.   Attached as **Exhibit 2** is a true and correct copy of a time sheet detailing my attorneys' fees this case.

61.   Attached as **Exhibit 3** is an excerpt from the 2015-2016 United States Consumer Law Attorney Fee Survey Report.

///
///
///

---

1

I declare under penalty of perjury under the laws of the United States of

2

America and the State of Nevada that the foregoing is true and correct to the

3

best of my knowledge.

4

Dated: March 31, 2023.

5

**KIND LAW**

6

 /s/ Michael Kind

7

Michael Kind, Esq.

8

8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

9

*Counsel for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DECLARATION                                      - 8 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

# EXHIBIT 1

| Expense Name | Amount | Expense Date | Sum of Amount |
|---|---|---|---|
| **Service of process** | $265.00 | Oct 2, 2022 | $265.00 |
| **Filing fee** | $402.00 | Aug 25, 2022 | $402.00 |
| **Grand Total** | | | $667.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

# EXHIBIT 2

| Time entry Name | Date | Created By | Hours |
|---|---|---|---|
| worked on my declaration for motion for default judgment | March 20, 2023 | Michael Kind | 1.5 |
| Reviewed / made edits to motion for default judgement | March 24, 2023 | Michael Kind | 2.6 |
| Reviewed / approved complaint | Aug 23, 2022 | Michael Kind | 1.8 |
| Total | | | 5.9 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

# EXHIBIT 3



# UNITED STATES CONSUMER LAW

# ATTORNEY FEE SURVEY REPORT

# 2015-2016



## Ronald L. Burdge, Esq.

# United States Consumer Law
# Attorney Fee Survey Report 2015-2016

Survey Conducted By
and
Survey Report Authored By

Ronald L. Burdge, Esq.
Burdge Law Office Co. L.A.
8250 Washington Village Drive
Dayton, OH 45458-1850
Voice: 937.432.9500
Fax: 937.432.9503


Email: Ron@BurdgeLaw.com




Attribution, No Derivs
CC-BY-ND

This copyright license allows for redistribution, commercial and non-commercial, as long as all quoted and selected contents are passed along unchanged and with credit to the author.

Copyright © 2017, 2018 by R.L.Burdge
March 13, 2018

This publication contains the results of proprietary research.

This publication was created to provide accurate and authoritative information concerning the subject matter covered. The publisher is not engaged in rendering legal or other professional advice and this publication is not a substitute for the advice of an attorney or expert. If you require legal or other expert advice, you should seek the services of a competent attorney or other professional.

Nevada, Las Vegas

| Firm Size | 4.8 |
|---|---|
| Median Years in Practice | 12.0 |
| Concentration of Practice in Consumer Law | 100.0 |
| Primary Practice Area | Consumer Law |
| Secondary Practice Area | General Practice |
| Last Time Rate Change Occurred (months) | 13.2 |
| Median Number of Paralegals in Firm | 4.0 |
| Average Paralegal Rate for All Paralegals | 144 |
| Average Attorney Rate for All Attorneys | 420 |
| 25% Median Attorney Rate for All Attorneys | 350 |
| Median Attorney Rate for All Attorneys | 450 |
| 75% Median Attorney Rate for All Attorneys | 485 |
| 95% Median Attorney Rate for All Attorneys | 500 |

Median Rate for Practice Areas

| | Median |
|---|---|
| Attorneys Handling Bankruptcy Cases | 450 |
| Attorneys Handling Class Action Cases | 450 |
| Attorneys Handling Credit Rights Cases | 450 |
| Attorneys Handling Mortgage Cases | 450 |
| Attorneys Handling Vehicle Cases | 450 |
| Attorneys Handling TCPA Cases | 450 |
| Attorneys Handling Other Cases | 450 |

Experience Variable Table

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|---|---|
| <1 | 250 |
| 1-3 | 275 |
| 3-5 | 290 |
| 6-10 | 325 |
| 11-15 | 450 |
| 16-20 | 440 |
| 21-25 | 465 |
| 26-30 | 450 |
| 31-35 | 500 |
| 36-40 | 525 |
| 41+ | 500 |

### Nevada, Reno - Carson City

| | |
|---|---|
| Firm Size | 4.8 |
| Median Years in Practice | 12.0 |
| Concentration of Practice in Consumer Law | 100.0 |
| Primary Practice Area | Consumer Law |
| Secondary Practice Area | General Practice |
| Last Time Rate Change Occurred (months) | 13.2 |
| Median Number of Paralegals in Firm | 4.0 |
| Average Paralegal Rate for All Paralegals | 144 |
| Average Attorney Rate for All Attorneys | 420 |
| 25% Median Attorney Rate for All Attorneys | 350 |
| Median Attorney Rate for All Attorneys | 450 |
| 75% Median Attorney Rate for All Attorneys | 485 |
| 95% Median Attorney Rate for All Attorneys | 500 |

### Median Rate for Practice Areas

| | Median |
|---|---|
| Attorneys Handling Bankruptcy Cases | 450 |
| Attorneys Handling Class Action Cases | 450 |
| Attorneys Handling Credit Rights Cases | 450 |
| Attorneys Handling Mortgage Cases | 450 |
| Attorneys Handling Vehicle Cases | 450 |
| Attorneys Handling TCPA Cases | 450 |
| Attorneys Handling Other Cases | 450 |

Experience Variable Table

| Years Practicing Consumer Law | Average Attorney Hourly Rate |
|---|---|
| <1 | 250 |
| 1-3 | 275 |
| 3-5 | 290 |
| 6-10 | 325 |
| 11-15 | 450 |
| 16-20 | 440 |
| 21-25 | 465 |
| 26-30 | 450 |
| 31-35 | 500 |
| 36-40 | 525 |
| 41+ | 500 |